UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FRANCISCO JOSE ESTEVEZ,

                 Petitioner,                             **OPINION & ORDER**

   -against-                                            05 CV 1644 (NG)

UNITED STATES OF AMERICA,

                 Respondent.
----------------------------------------------------------x
GERSHON, United States District Judge:

      In an April 19, 2005 Order, I summarily dismissed petitioner's claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738 (2005). Petitioner's remaining claim asserts that his attorney, Geoffrey S. Stewart, Esq., was constitutionally ineffective for failing to file an appeal in spite of petitioner's specific instruction. In the April 19, 2005 order, I directed Mr. Stewart to submit an affidavit responding to this claim, and Mr. Stewart filed an affirmation on May 5, 2005. In a May 25, 2005 order, I offered petitioner an opportunity to respond to Mr. Stewart's affirmation. Petitioner filed an "Affirmation in Rebuttal" to Mr. Stewart's affirmation on June 16, 2005.[1]

*Background*

      Petitioner pled guilty, before me, on July 27, 2001, to one count of an indictment charging conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a). Before sentencing, petitioner violated the terms of his bail

---

[1] Although the April 19, 2005 order directed the Government to respond to the petition, there has been no response from the Government. Although the court does not condone the Government's failure to respond, the petition can be adjudicated without the Government's input, as described below.

and fled the country to the Dominican Republic. Ultimately, authorities of the Dominican Republic apprehended petitioner and extradited him to the United States. On May 12, 2004, petitioner appeared before me for sentencing. Petitioner gave a lengthy statement in which he offered reasons for his flight and apologized to the court. His base offense level was 34. I applied a two level enhancement for obstruction of justice based on petitioner's willful flight from the jurisdiction to avoid sentencing. I concluded that, in spite of petitioner's flight to the Dominican Republic, he was entitled to receive the benefit of the two level "safety valve" reduction because petitioner had told the truth as to his crimes prior to his flight. Based on these determinations, coupled with petitioner's criminal history category of I, petitioner's sentencing range under the guidelines was 151 to 188 months. I sentenced him to 151 months imprisonment followed by five years of supervised released. The Government moved to dismiss the remaining counts against petitioner. Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255, on March 23, 2005.

## *Discussion*

Under *Strickland v. Washington,* 466 U.S. 668 (1984), a habeas corpus petitioner claiming ineffective assistance of counsel must demonstrate that his attorney's errors deprived him of reasonably competent representation and that the failings of his attorney prejudiced him. Petitioner's claim of ineffective assistance of counsel is based on two alleged failures of his attorney. First, he argues his attorney was ineffective for not raising an *Apprendi* challenge at sentencing. Second, he argues that his attorney was ineffective for not filing a notice of appeal, despite petitioner's instruction.

2

### A. Failure to Raise *Apprendi* Challenge at Sentencing

Petitioner's claim that his attorney was ineffective for not challenging his sentence under *Apprendi*, 530 U.S. at 466, is denied. As discussed in my prior order, dismissing petitioner's direct *Apprendi* claim, no aspect of petitioner's sentencing violated the constitutional principle embodied in *Apprendi*. Petitioner concedes as much but argues that "while no opinion in this circuit (nor any other circuit) had held that *Apprendi* applied to the Guidelines, the *Apprendi* claim was not so novel as to render counsel's failure to raise it constitutionally effective." Memorandum in Support of Motion to Vacate at 10. The concession implicit in petitioner's argument negates its conclusion. Because *Apprendi* was not and is not applicable, petitioner can demonstrate neither the cause nor the prejudice prong of the *Strickland* test. This portion of petitioner's ineffectiveness claim is rejected.

### B. Failure to File Requested Notice of Appeal

Because the second part of petitioner's ineffectiveness claim is based on the allegation that his attorney did not follow his instruction to file an appeal, petitioner is not required to demonstrate prejudice. *See Hernandez v. United States*, 202 F.3d 486, 489 (2d Cir. 2000) ("We conclude that *Strickland 's* requirement of a showing of prejudice does not apply where the alleged ineffective assistance lies in a counsel's unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so."). With regard to the first prong of the *Strickland* test, our Court of Appeals has held that "the minimum requirements of professional competency are violated when an attorney, hired by a convicted defendant to prosecute an appeal, fails without excuse to file a timely notice of appeal, so that the opportunity to appeal is lost**."** *See id.* Thus, the only question raised by the instant motion is whether there

is cause to believe petitioner actually requested that his attorney file an appeal.

The relevant portions of Mr. Stewart's affirmation read as follows:

> 4. My records reflect and I have a distinct recollection of speaking to Mr. Estevez after he was sentenced on May 12, 2004 in the pens behind the courtroom. While he was distressed after being sentenced, he could have fared worse as the court did reduce his guideline range pursuant to the so called "safety valve". This reduction was granted over the government's strenuous objection. Mr. Estevez agreed that I would not file a Notice of Appeal because there were no viable issues and pursuing an appeal would invite a cross appeal by the government on the safety valve reduction. Mr. Estevez understood and agreed. I have a written notation in my records which reflects the same.
> 5. At no time subsequent to May 12, 2004 did Mr. Estevez or anyone on his behalf request that I file a Notice of Appeal, or pursue an appeal in the matter.

Affirmation of Geoffrey S. Stewart, Esq. ¶¶ 4,5. Petitioner's rebuttal affirmation admits that he met with his attorney in the pens behind the courtroom just after sentencing, but denies that he agreed that a notice of appeal should not be filed. Petitioner states:

> While its true that Petitioner was dissatisfied (not distressed as alleged by counsel), with the sentence imposed, counsel's allegation that "[Petitioner] could have fared worse as the court did reduce his guideline range pursuant to the so called 'safety valve'", is not dispositive to Petitioner's claim that he requested a notice of appeal filed, and a subsequent appeal taken.

Petitioner's Affirmation in Rebuttal ¶ 5.

Petitioner has requested that the court hold an evidentiary hearing. The Second Circuit has explained the circumstances under which a hearing is necessary, stating:

> It is within the district court's discretion to determine whether a hearing is warranted. *Chang*, 250 F.3d at 85-86. Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits and written interrogatories. Fed. R. Governing Section 2255 Proceedings 4, 7. After expanding the record, the district court then decides if an

4

> evidentiary hearing also is required. *Id.* 8. Our precedent disapproves of summary dismissal of petitions where factual issues exists, but it permits a "middle road" of deciding disputed facts on the basis of written submissions.

*Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (citing *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)). In this case, I have adopted the "middle road" approach in soliciting affirmations from petitioner's attorney as well as a responsive affirmation from petitioner. This evidence has been considered along with petitioner's original affirmation, submitted as an exhibit to his Section 2255 motion. I have also considered the record in this case. Considering all of this information, it is my determination that a hearing is not required as it would "add little or nothing to [the] written submissions." *See Jang v. United States*, No. 03-CV-4020(ILG), 2004 WL 470031 at *4 (Jan. 23, 2004 E.D.N.Y.). I am mindful of the fact where there is a disputed factual question, the preferred route of determination will typically be an evidentiary hearing. But in this case, there is a very narrow question of whether petitioner made a specific request. Each party to the conversation has provided an account of what was either said or not said. Given an opportunity to respond to his attorney's affirmation, petitioner has not asserted any potential source of proof to contradict his attorney's statements. *Cf. Pham*, 317 F.3d at 181 ("Pham sent a letter to the court dated October 17, 2000. In the letter, Pham claimed that Siegel's affirmation was false . . . . According to Pham, the prison's records would demonstrate that Pham never received the letter that Siegel claimed to have sent. Pham also said that he could prove Siegel never visited through prison records and evidence from the interpreter who would have been present during a visit."). Thus, the court is left with the task of determining whether credibility can be fairly determined on the written submissions.

    I conclude that the affirmation of petitioner's attorney is entirely worthy of belief. First,

Mr. Stewart's history of involvement in the case is one of zealous advocacy and effective representation. The transcript of petitioner's sentencing reveals that Mr. Stewart argued effectively for safety valve relief for his client. He also presented well-argued, if unaccepted, grounds for the court to grant petitioner an adjustment for acceptance of responsibility, despite petitioner's obstruction of justice. This advocacy at sentencing undermines the likelihood that at the final stage of his representation he would suddenly commit a grave error such as the one alleged. Secondly, Mr. Stewart affirms that his memory is clear as to the lack of any request and that a review of his notes supports his recollection. Thirdly, he offers a compelling explanation for the failure to file a notice of appeal. As he points out, under the law as it existed at the time of sentencing, there were no viable issues for appeal, but there was a very real possibility of a cross-appeal by the Government, which could have resulted in a substantially higher sentence for petitioner.

In contrast, petitioner has not articulated a convincing account of what transpired during the discussion after sentencing. He admits that "[a]lbeit counsel expressed reservations about filing an appeal on affiant's behalf," but alleges that he "insisted, nevertheless, that the appeal be filed." Petitioner's First Affirmation ¶ 4. Yet petitioner offers no further details of the conversation, even in his rebuttal. Furthermore, in spite of his admitted perception of his attorney's reluctance to file the requested appeal, petitioner has not asserted that he wrote any letters to counsel or called him regarding the status of the requested appeal in the eight months between sentencing and the filing of petitioner's Section 2255 motion, and he has pointed to no other evidence that would possibly support his allegation. There is also no record of him having written to any court in order to inquire as to the status of his requested appeal. With a less

sophisticated defendant, these facts might not weigh so heavily against a determination that he is credible. However, Mr. Estevez is a sophisticated individual with an advanced layperson's understanding of the criminal justice system, as evidenced in part by his attorney's representations during sentencing. *See* Transcript of May 12, 2004 Sentencing at 8. ("He's college educated. I think the probation confirmed that he attended Temple University to the point of graduation. He's a smart man."). My personal observations confirm his attorney's assessment of his sophistication. It is incredible to me that such a defendant would allow nearly a year to elapse without a single inquiry as to the status of his requested appeal, particularly under the circumstances as he describes them.

Lastly, petitioner has not shown himself to be worthy of belief. Prior to his sentencing, petitioner was a fugitive from justice for approximately three years. When he absconded in 2001 he not only lied to the court and violated the terms of his bail, he also betrayed his close family members by leaving them to account for a one million dollar bond. The record reflects that, but for the prosecutor's decision not to collect on the bond, petitioner's family would have been financially devastated by his betrayal, losing four houses and immeasurable financial stability. These facts, taken with the facts described above, lead me to conclude that an evidentiary hearing is unnecessary and that petitioner's claim should be rejected.

## *Conclusion*

For the foregoing reasons, the petition for relief under 28 U.S.C. § 2255 is denied in its entirety. The Clerk of Court is directed to close this case. As petitioner has failed to make a

7

substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

_____/s/_____
**Nina Gershon
United States District Judge**

**Dated: October 11, 2005
Brooklyn, New York**